UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RASHAWN PENDER,

               Petitioner,

       -against-

STEPHEN RACETTE,
       Superintendent,

               Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**

12 CV 3703 (RJD)

DEARIE, District Judge.

Petitioner Rashawn Pender seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the application is denied and the petition is dismissed.

## BACKGROUND

Following a jury trial at which he testified, Pender was convicted of murder in the second degree, attempted robbery in the first degree and two counts of criminal possession of a weapon in the second degree.[1] The charges arose out of a shooting that occurred during a birthday party for an eight-year old in Hempstead, New York. On the basis of two prior assault convictions, Pender was adjudicated a persistent violent felony offender and sentenced to 25 years to life for the murder and concurrent terms of 16 years to life on each of the other counts.

In his application for habeas relief, Pender makes the bold claim that he was not given the warnings required by Miranda v. Arizona, 384 U.S. 436, 479 (1966), before he made a statement to the police. He contends that the suppression hearing testimony of Detective James Hendry of the Nassau County Police Department's Homicide Squad was not credible because, while on the

---

[1] Pender was convicted of felony murder under subsection (3) of N.Y. Penal Law § 125.25 but acquitted of intentional murder under subsection (1).

stand, Hardy refreshed his recollection by consulting notes taken by the other officer present during the interrogation, Detective Michael O'Leary. O'Leary's notes include a timeline of the interview but do not mention the administering of Miranda warnings—a fact to which the prosecutor stipulated at the hearing—and when asked if anything happened in the interview that was not reflected in O'Leary's notes, Hendry replied, "I don't know" and "no."

The hearing court rejected Pender's claim. People v. Pender, Ind. No. 2822N/08 (Nassau Cty. Ct. July 6, 2009) at 1, 7-8, 12-13 ("credits" Detective Hendry's testimony that he read the Miranda Rights card aloud to Pender, that he gave Pender the card to read to himself, and that Pender wrote "yes" and his initials on the card beside the two questions that asked whether he understood his rights and was willing to be interviewed; finds that Pender's statements were "voluntarily made after a knowing and intelligent waiver of his Miranda warnings").[2] So, too, did the Appellate Division. People v. Pender, 81 A.D.3d 664, 664 (2d Dep't 2011) (rejects claim without discussion as "without merit"), lv. app. denied, 16 N.Y.3d 898 (May 26, 2011).[3]

## DISCUSSION

Although the voluntariness of a habeas petitioner's confession is a generally a question of law entitled to *de novo* federal review, see generally, Miller v. Fenton, 474 U.S. 104, 112 (1985), "what happened"—notably, the "basic, primary or historical facts"—is a distinctly factual matter accorded the habeas statute's presumption of correctness. Thompson v. Keohane, 516 U.S. 99, 111 (1995) (internal quotations and citations omitted). The presumption is currently codified at

---

[2] The Miranda Rights card bearing the markings Detective Hendry describes was introduced into evidence at the hearing.

[3] The Appellate Division also found that the evidence was "legally sufficient to establish [Pender]'s guilt beyond a reasonable doubt" and that "the verdict of guilt was not against the weight of the evidence." Pender, 81 A.D.3d at 664.

2

28 U.S.C. § 2255(e)(1), which provides: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." The "presumption of correctness afforded to state courts' factual findings is particularly significant when those factual findings concern credibility issues because 'the federal habeas corpus statute gives federal habeas courts no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" Abraham v. Lee, 2014 WL 3630876, at * 7 (S.D.N.Y. July 22, 2014)") (quoting LaTorres v. Walker, 216 F.Supp.2d 157, 167 (S.D.N.Y. April 12, 2000)). The habeas statute further provides that an application for habeas relief based on a claim of factual error in the state court "shall not be granted" unless the state court's findings were "unreasonable . . . in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

Under these authorities, Pender's challenge to the state court's decision to credit Detective Henry does not entitle him to habeas relief. Indeed, he has not shown any basis for disturbing the state court's findings.[4]

Further, to the extent Pender's *pro se* petition could be charitably construed as presenting a broader challenge of coercion or involuntariness triggering *de novo* federal review, the Court, having reviewed the suppression hearing and trial testimony, would nevertheless conclude that the record presents no basis for a grant of habeas relief.

---

[4] The Supreme Court and the Second Circuit have declined to address the relationship between unreasonableness under § 2254(d)(2) and the presumption of correctness in § 2254(e)(1), see Burt v. Titlow, 134 S. Ct. 10, 15 (2013) and Garguilo v. Heath, 586 Fed. App'x 764, 766 n. 1 (2d Cir. Oct. 10, 2014), but any arguable difference is not relevant where, as here, the factual claim is clearly meritless.

3

## CONCLUSION

The application for a writ under 28 U.S.C. § 2254 is denied. Because Pender has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
       March _6_, 2015

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge